**Lonnie LEE, Appellant,**

v.

**WESTERN ELECTRIC COMPANY, INC., Respondent.**

**No. WD 36292.**

Missouri Court of Appeals, Western District.

Aug. 6, 1985.

C. Thomas Carr, A. Barry Rubin, Kansas City, for appellant.

Douglas Y. Curran, Kansas City, for respondent.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

NUGENT, Presiding Judge.

Lonnie Lee appeals from the Industrial Commission's denial of his claim for worker's compensation. Mr. Lee was injured while playing on a softball team composed of employees of the respondent, Western Electric Company, Inc. He argues that his

injury arose out of the course and scope of his employment. We agree with the Commission and affirm.

Mr. Lee is employed by the company at its manufacturing plant. In 1980, while playing on a softball team composed of employees of Western Electric, he injured his ankle. The team was part of a softball league which was one of a number of recreational activities organized by the Wecomo Club, Inc., a Missouri not-for-profit corporation. ("Wecomo" is an acronym for Western Electric Company of Missouri.) The softball games took place on ball fields located on the plant's premises.

John C. Ryan, who was president of the club in 1980, testified for the company in the hearing held on Mr. Lee's claim. He explained that the club is a non-profit corporation independent of Western Electric and composed of employees of Western Electric. The corporation has its own liability insurance and checking account. Western Electric contributes fifty-nine per cent of the monies in the club's budget, the rest of which comes from member contributions.

The club sponsors a number of employee social and recreational activities. Participation in the club's activities is voluntary, no employee is paid for being a member and no club activity is conducted during the participants' working hours. In 1980, 250 of the 5,200 Western Electric employees played on club softball teams. The club is run by its corporate officers elected by the employee members. Western Electric management personnel do not serve as officers.

Mr. Ryan also testified that the softball teams' members wear neither uniforms provided by the company nor clothing with a club or a Western Electric logo. In some instances outside businesses sponsor club teams and provide them with uniforms containing the sponsor's logo. Western Electric does not advertise or promote the club's activities outside of the plant, and the company's customers are not invited as spectators of the various activities. The softball fields are located on the plant's premises, and the company mows and maintains the outfield areas. The infields are maintained by the team members.

Henry Hubbard, director of the club's softball in 1980, also testified for the company. He corroborated Mr. Ryan's testimony that playing on the softball teams is voluntary and that Western Electric does not control or direct the softball leagues.

Mr. Lee, the claimant, testified that he was not obliged by his employer to play softball and that they did not play during working hours. He was the captain of his team in 1980. The team captains would hold league meetings during working hours at the plant. He also stated that club materials and schedules are posted on bulletin boards located in the plant and that his players' supervisors would allow him to talk to his players during working hours.

He also testified that before he was allowed to play softball he had to sign a player contract. That agreement provides that Western Electric is not liable for any injuries incurred because of his participation in the softball league. The signed agreement was admitted into evidence over his objection.

The claimant injured his ankle while sliding into second base. He worked his regular 3:00 p.m. to midnight shift the day of the injury. A company nurse examined his ankle during his shift and advised him to have it treated at a hospital emergency room after he got off work. He was treated at Research Medical Center.

Mr. Lee filed a claim for worker's compensation. A hearing on the claim was held before an administrative law judge who found that Mr. Lee was not injured during the course and scope of his employment. In his findings of fact, he stated that the player contract signed by Mr. Lee was used to inform the player that his participation in the league was not related to his employment. The judge made an award denying compensation. The decision was affirmed by the Industrial Commission and by the circuit court.

The claimant raises two points on appeal: First, the Industrial Commission erred in denying him compensation because, as a matter of law, his injury arose out of the course and scope of his employment and the commission's award was not supported by sufficient evidence. Second, the administrative law judge, and thereby the commission, erred in admitting into evidence Mr. Lee's player contract and relying upon it in its decision because worker's compensation protection cannot be contracted away.

■ An award of the commission will only be disturbed where it is not supported by sufficient evidence or it is clearly contrary to the overwhelming weight of the evidence. *Barr v. Vickers, Inc.,* 648 S.W.2d 577, 579–80 (Mo.App.1983). The commission judges the credibility of witnesses, and we will not substitute our view of the facts where the commission's findings are supported by sufficient evidence. *Id.* at 580.

Mr. Lee argues that his playing softball on a club team was sufficiently related to his employment to justify a finding that his injury arose out of the course and scope of his employment. Of course, only injuries incurred in the course and scope of an employee's employment are compensable by worker's compensation.

■ No general rule governs when an employee may recover for an injury that he incurred while participating in an employer sponsored recreational activity. *Riggen v. Paris Printing Co.,* 559 S.W.2d 625, 629 (Mo.App.1977). The court considers a number of factors in deciding whether the activity is sufficiently related to the claimant's employment to justify the conclusion that an injury arose out of the course and scope of employment. *Id.* at 630. Those factors include whether the employer derived some benefit from the sponsored event, whether the employer directly or indirectly required employee participation, the extent to which the employer controlled

or directed the activity, and whether the activity was a benefit of the employee's employment. *Id.* at 630. Where an employer *requires* participation in the activity, that factor alone is enough to support a finding that a recreational injury is work related. *Stout v. Sterling Aluminum Products Co.,* 213 S.W.2d 244, 248 (Mo. App.1948). Another especially significant factor is the employer's control or direction of the activity. *McFarland v. St. Louis Car Co.,* 262 S.W.2d 344, 348 (Mo.App. 1953).

■ Mr. Ryan testified that employees voluntarily participate in the club's activities. Mr. Lee testified that he was not compelled to play softball. Mr. Ryan also testified that the club is a non-profit corporation independent of Western Electric and run by its own officers who are elected by its members. None of the officers comes from management. Mr. Hubbard testified that the softball leagues were not directed or controlled by the company. The evidence that participation in the softball league is voluntary and that the league is not controlled by the company is sufficient to support the commission's award. *McFarland v. St. Louis Car Co., supra,* 262 S.W.2d at 348 (where the court held that an employee playing on a softball team sponsored by his employer was not injured in the course and scope of his employment where the employer had no right to control the team).

■ Mr. Lee testified that the club posts materials on its activities on bulletin boards in the plant, that team captains have league meetings at the plant during work hours, and that his team members' supervisors would allow him to talk to his players during work hours. The softball fields are located on the employer's premises and Western Electric provides most of the funds.[1] That evidence shows that some connection exists between the club and Western Electric, but the evidence only lessens the weight to be given contrary evidence and is not enough to convince us

1. Employer financial support of employee recreational events is not enough to support a finding

that the activity is work related. *McFarland v. St. Louis Car Co., supra,* 262 S.W.2d at 348.

that the award is clearly against the weight of the evidence. *Barr v. Vickers, Inc., supra,* 648 S.W.2d at 579.

The claimant, nevertheless, argues that *Conklin v. Kansas City Public Service Co.,* 41 S.W.2d 608 (Mo.App.1931), dictates a decision in his favor. In subsequent cases, however, that decision has been limited. *See, Dunnaway v. Stone & Webster Engineering Corp.,* 61 S.W.2d 398, 400 (Mo.App.1933). The current applicable law is stated in *Riggen v. Paris Printing Co., supra,* 559 S.W.2d at 629.

Mr. Lee's second point is that the administrative law judge, and thereby the Industrial Commission, erred in admitting into evidence and considering the player contract. The contract contains a waiver of liability, and Mr. Lee argues that worker's compensation benefits cannot be contracted away.

The judge in his findings of fact as adopted by the Commission stated that the contract was only to impress upon Mr. Lee that his participation in the softball league was not a part of his employment. The judge did not rule that Mr. Lee waived his worker's compensation protection. In any event, as we have already noted, the Commission's award was supported by other sufficient and competent evidence.

For the foregoing reasons, we affirm the judgment.

All concur.