**Linda S. EUGEA, Employee/Appellant,**

**v.**

**SOUTHGATE CARE CENTER,
Employer/Respondent,**

**and**

**Liberty Mutual Insurance Co.,
Insurer/Respondent.**

No. 49751.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 11, 1986.

Jerome T. Bollato, Clayton, for employee/appellant.

Victor Frank Rouse, St. Louis, for employer/respondent.

SMITH, Judge.

Claimant appeals from the denial of workers' compensation benefits by the Labor and Industrial Relations Commission. The Commission reversed an award made to claimant by the Administrative Law Judge. We affirm the Commission.

Claimant was an employee of Southgate Care Center. She was injured when she twisted her knee during softball practice. The softball team had been formed at the suggestion of two employees of Southgate. The employer agreed to pay the league dues, provide T-shirts and balls and bats. The team included two non-employees of Southgate, both having personal or business contacts with the employer. Practices and games were held on premises not belonging to the employer. Employees participated during their off-duty hours. The Commission found that the employer exercised no control over the operation of the team. On two occasions five minute meetings were held during working hours on the employer's premises for organizational

purposes. Sign-up sheets were posted on the employer's premises. Accident insurance for all team members was provided by the employer. Participation by employees was voluntary, participation or non-participation had no effect on an employee's employment and no job or monetary benefits were given to team members. The T-shirts were to be imprinted with "S.G. Angels." Southgate is a nursing care facility for the elderly. Its patients come from referrals by doctors, hospitals and other nursing homes. On disputed testimony the Commission found that patients of Southgate did not attend the games. On these facts the Commission found that claimant's injury did not arise out of and in the course of employment.

The most recent case in this state dealing with recovery of workers' compensation for injuries resulting from recreational activities of the employee is *Lee v. Western Electric Company, Inc.*, 695 S.W.2d 510 (Mo.App.1985). On facts very nearly identical to those before us the court there upheld the award of the Commission denying compensation. It was there held that evidence that participation in the softball program was voluntary and that the program was not controlled by the company was sufficient to support the commission's award. *Id.* [5]. That determination is in accord with prior case law in this state. *McFarland v. St. Louis Car Co.*, 262 S.W.2d 344 (Mo.App.1953). For a claim to be compensable the relationship of master and servant must exist. An essential element of that relationship is the right of the employer to control the means and manner of the service to be rendered. *Id.* [5, 6]. This record contains no evidence that the employer had such a right over the team or the league or attempted to appropriate it. Mere financial support of the team or allowance of use of the employer's premises for team purposes does not create workers' compensation liability for injuries sustained by the players. *Lee v. Western Electric, supra; McFarland v. St. Louis Car Co., supra.*

The award of the Commission is affirmed.

CARL R. GAERTNER, P.J., and REINHARD, J., concur.