Richard HOLLINGSWORTH,
Respondent,

v.

BIEBEL BROTHERS ROOFING,
Appellant.

No. 64769.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1994.

Charles W. Weinstock, St. Louis, for appellant.

Daniel T. Ryan, Thomas J. Casey, Jonathan E. Fortman, St. Louis, for respondent.

CRIST, Judge.

Biebel Brothers Roofing (Employer) appeals the order of the Labor and Industrial Relations Commission (Commission) awarding Richard Hollingsworth (Employee) workers' compensation benefits for a broken right wrist he obtained while playing volleyball at a company picnic. We affirm.

Employee is a supervisor for Employer's roofing business. As a supervisor, Employee acts as an intermediary between the employees and management. At the time of the hearing, Employee had worked for Employer for fifteen years. During that time, until May of 1988, the roofers and waterproofers were members of a local union. In early 1988, the union went on strike against Em-

ployer. In May of 1988, Employer gave the striking employees an opportunity to return to their positions as non-union. The majority of employees, including Employee, elected to return to work and resign from the union. At this time, many of employees were uneasy and tense about the strike.

On July 30, 1988, Employer held a company picnic to which it invited all of its employees. Employer had never before held a company picnic. Employee testified management requested he encourage the employees to come. Another supervisor for Employer, David Mell, testified the picnic was being used to ease tensions among the employees about the strike and to smooth out employee-employer relations. Both Mell and Employee stated they believed they had no choice about attending the picnic.

The picnic was held at Employer's farm in Freeburg, Illinois, where Employer provided food and beverages. About 95 percent of the employees attended the picnic. The employees took part in a wide variety of activities, including swimming and playing volleyball. While playing volleyball at the picnic, Employee broke his right wrist. Employee subsequently sought workers' compensation benefits for his injury. Employer denied benefits, alleging the picnic was purely a social function unrelated to employment.

After a hearing, the Administrative Law Judge (ALJ) found Employee's injuries arose out of and in the course of his employment with Employer and awarded Employee $20,-215.04 as compensation. Upon Employer's appeal, the Commission affirmed the ALJ's award, finding it supported by competent and substantial evidence. Employer now appeals to this court.

Employer reiterates his argument Employee's injuries did not arise out of and in the course of his employment. Employer specifically alleges Employee failed to adduce sufficient facts to show Employer compelled him to attend the company picnic.

Upon review of the Commission's final award, this court may review only questions of law and may reverse the Commission's decision only upon a showing:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1, RSMo 1986; *Cole v. Town & Country Exteriors*, 837 S.W.2d 580, 583[3] (Mo.App.1992). In addition, we review the whole record in the light most favorable to the verdict, deferring to the Commission to resolve issues of witness credibility and the weight to be accorded conflicting evidence. *Cole*, 837 S.W.2d at 583[1].

There is no general rule governing when an employee may recover workers' compensation benefits for injuries incurred while participating in employer-sponsored recreational activities. *Lee v. Western Elec. Co., Inc.*, 695 S.W.2d 510, 512 (Mo.App.1985); *Riggen v. Paris Printing Co.*, 559 S.W.2d 625, 629 (Mo.App.1977). Instead, the courts have used a balancing test, weighing various factors applied to the particular facts and circumstances of the case to determine whether the social event is sufficiently related to the employment. *Riggen*, 559 S.W.2d at 629–30[1]. Relevant factors to consider are: (1) whether the injured employee was compelled, indirectly or directly, to attend; (2) whether the employer derived some benefit from its sponsorship of the event; (3) the extent to which the employer sponsored, controlled, or participated in the activity; and (4) whether the social event was a benefit of employment. *Id.* at 630[2]; *Lee*, 695 S.W.2d at 512[2]; *See also, Graves v. Central Electric Power Cooperative*, 306 S.W.2d 500, 504 (Mo.1957); *Stout v. Sterling Aluminum Products Co.*, 213 S.W.2d 244, 246 (Mo.App. 1948). Generally, the presence or absence of any one factor is not determinative. *Riggen*, 559 S.W.2d at 630[3]. However, an especially significant factor is the extent of the employer's control or direction of the activity. *Lee*, 695 S.W.2d at 512.

Sufficient competent evidence exists in the record to support the Commission's

award. First, sufficient evidence existed Employee felt indirectly compelled to attend the company picnic. The company had just come out of a strike whereby it had broken the union. The majority of striking employees had resigned from the union and returned to work after Employer told them it was hiring replacement workers. There was much unease and tension between Employer and its employees. Although never stated explicitly to Employee, it was generally implied the picnic would smooth out employer-employee relations and foster goodwill toward Employer. Indeed, a company picnic had never been held before, and it was announced about one month after the strike was broken.

Employee's job as a supervisor required him to act as a liaison between management and the employees. Employer asked him to encourage the employees to attend. Employee testified he believed he had "no choice" about attending the picnic and felt "obligated" to attend. He also believed it was necessary to attend in order to stay on Employer's good side. This testimony was supported by another supervisor, David Mell. Employer is not required to directly order Employee to attend for compulsion to exist. *See, Graves,* 306 S.W.2d at 502.

Second, the record reveals Employer did receive a benefit from holding the picnic. Employee and Mell testified the picnic helped to ease tensions about the strike within the company. Finally, Employer completely controlled the company picnic. Employer provided the locale, food, beverages, and recreation. Employer paid for all the food and beverages. Only employees and their families were invited. Therefore, under these particular facts, the Commission did not err in awarding Employee workers' compensation benefits.

Final award of the Commission affirmed.

CRANDALL, P.J., and REINHARD, J., concur.