Delbert COX, Appellant,

v.

TYSON FOODS, INC., Respondent.

No. 78480.

Supreme Court of Missouri,
En Banc.

April 23, 1996.

James M. Kelly, Republic, for Appellant.

James J. Randall, Monett, for Respondent.

## WHITE, Judge.

Claimant Delbert Cox appeals from a Labor and Industrial Relations Commission decision denying him worker's compensation benefits for an injury he sustained while employed by Tyson Foods, Inc. ("Tyson"). The commission concluded his injury did not arise out of or in the course of employment. We reverse and remand.

Delbert Cox slipped on ice and injured his back while returning to work from a trip to a convenience store during his paid break. Workers were permitted to leave the premises during their fifteen minute break, and Cox had done so to purchase a breakfast biscuit, something unavailable in the plant's break room. The fall occurred en route to Tyson's from a parking lot across "old highway 60" to the south of the Marionville facility where Cox worked. Cox testified he was walking along the usual or customary route from the parking lot to the plant when he fell. Tyson owned a parking lot north of the plant, where visitors and office staff had reserved parking, and where tractor trailers parked. Tyson did not own the south lot. Most of Tyson's dock and freezer employees, including Cox, parked in the south lot.

Undisputed testimony indicated employees were not required to park in the south lot, but understood they could park there. Cox testified the plant manager or his assistant told him he could park in the south lot when he was hired. The plant manager testified the south lot was designated for Tyson employee parking. Tyson's safety director testified he was aware Marionville supervisors told Tyson employees they could park in the south lot. The safety director and the plant manager both testified they believed Tyson's employees parked in the south lot with per-

mission from the lot's owner. The injury report completed by Tyson indicated the accident occurred "on Deicor Lab. parking lot whom [sic] give Tyson employees permission to park."

Cox sought worker's compensation benefits for his injuries. After a hearing, the administrative law judge awarded Cox compensation for medical aid, temporary total disability, and permanent partial disability, finding the injury-producing accident arose out of and in the course of his employment. A divided Labor and Industrial Relations Commission disagreed, reversing the award. The court of appeals affirmed, and we accepted transfer under Rule 83.03.

■ The sole issue on appeal is whether claimant's accident arose out of and in the course of his employment. Because the facts pertinent to this issue are not in dispute, this is a question of law requiring *de novo* review. *Johnson v. Denton Construction Co.*, 911 S.W.2d 286, 287 (Mo. banc 1995). We determine whether the commission correctly applied the law. *Davis v. McDonnell Douglas*, 868 S.W.2d 170, 171 (Mo.App.1994).

■ To be compensable under worker's compensation, employee's injury must be due to an accident arising out of and in the course of employment. § 287.120.1, RSMo 1994. Generally, accidents occurring on the trip to or from work are not deemed to arise out of and in the course of employment. *Person v. Scullin Steel Co.*, 523 S.W.2d 801, 806 (Mo. banc 1975). An exception to this going to and coming from work rule allows recovery of worker's compensation benefits if:

(a) the injury-producing accident occurs on premises which are owned or controlled by the employer, or on premises which are not actually owned or controlled by the employer but which have been so appropriated by the employer or so situate, designed and used by the employer and his employees incidental to their work as to make them, for all practicable intents and purposes, a part and parcel of the employer's premises and operation; and

(b) if that portion of such premises is a part of the customary, expressly or impli-

edly approved, permitted, usual and acceptable route or means employed by workmen to get to and depart from their places of labor and is being used for such purpose at the time of the injury. *Kunce v. Junge Baking Co.*, 432 S.W.2d 602, 607 (Mo.App.1968). Injuries incurred on employer's premises along the accepted route to or from work arise out of and in the course of employment just as much as do injuries occurring during the performance of work. *State ex rel. McDonnell Douglas Corp. v. Luten*, 679 S.W.2d 278, 280 (Mo. banc 1984).

■ This Court has held property sufficiently appropriated to be considered an extension of employer's premises when it is used by employees as a route of access to employer's premises with employer's knowledge and acquiescence. *Id.* The record reveals Tyson's management told employees they could park in the south lot; it was a "designated" lot. A significant portion of Tyson's employees customarily parked in the south lot. The south lot was closer than the Tyson-owned north lot was to the freezer and dock working areas. Tyson knew and acquiesced to the use of the south lot as a means of access to the plant by employees.

These same facts bring the present case under the following portion of the *Kunce* test: "or on premises which are *not actually owned or controlled by the employer* but which have been so appropriated by the employer or *so situate, designed and used* by the employer and his employees incidental to their work as to make them, for all practicable intents and purposes, a part and parcel of the employer's premises and operation." *Kunce*, 432 S.W.2d at 607 (emphasis added).

The south lot was situated so near the dock and freezer work areas, employees working in those portions of the plant found it more convenient to park there than in the north lot. Tyson designated the south lot as a place for employees to park. Inviting employees to park there comports with this definition of design: "a particular purpose held in view by an individual or group: a planned intention." *Webster's Third New International Dictionary Unabridged* 611. If Tyson did not intend or plan for employees to use the south lot for parking, no invitation would have been given. Tyson employees put the south lot to regular use. Most of the freezer and dock employees parked in the south lot daily. The south lot was "so situate, designed and used by the employer and his employees" as to make it, "for all practicable intents and purposes, a part and parcel of the employer's premises and operation." *Kunce*, 432 S.W.2d at 607. Cox, therefore, meets the first prong of the *Kunce* test, *supra*, for exception to the going to and coming from work rule.

The second portion of the *Kunce* test is easily established. Nothing in the record contradicts Cox's testimony he fell while on the customary way back to work. The exception to the going to and coming from work rule applies; the injury arose out of and in the course of employment.

Respondent Tyson argues an employer does not appropriate premises without exerting control over the extended premises; employers need to have taken some action making its liability for accidents on those premises foreseeable. Foreseeable liability in the present case derives from an express invitation for employees to park there, Tyson's knowing acquiescence to regular use of the lot by employees, and the lot's location making it the more practical lot for use by some of Tyson's employees. Furthermore, the evidence is not devoid of Tyson's control of the south lot. Tyson's witnesses and the injury report indicated parking on the south lot was permissive. Although the record is silent as to how this permission was obtained, its existence implies some control by Tyson of the south lot.

Tyson contends employee's injury must be due to some special hazard to which the general public is not subjected for the *Kunce* test to apply, citing *Beck v. Edison Brothers Stores, Inc.*, 657 S.W.2d 326 (Mo.App.1983), and *Hunt v. Allis–Chalmers Manufacturing Co.*, 445 S.W.2d 400 (Mo.App.1969). The *Beck* court sets forth a rule for off-premises, not extended premises accidents. *Beck*, 657 S.W.2d at 328. It is inapplicable to the facts of this case. The *Hunt* court's discussion of special hazards was not in the context of extended premises analysis. *Hunt*, 445 S.W.2d at 408. The court in *Hunt* determined a special work-related hazard employ-

ees encountered off-premises on the way to work caused the injury in question, and employer was liable for worker's compensation benefits. *Id.* The court then suggested, alternatively, the off-premises area could also be considered appropriated by employer. *Id.* at 409–10. If special hazards were a third prong of the *Kunce* test, the *Luten* Court would have had to find being hit by a car on a busy street to be a special hazard to which the general public is not exposed. *See Luten,* 679 S.W.2d at 279 (employee struck by an automobile as she crossed a public street within a crosswalk provided by employer is covered by worker's compensation). The special hazards element applies to accidents occurring on the way to or from work at sites not owned, controlled, or actively appropriated by employer.

 Tyson also argues the personal nature of Cox's trip to the convenience store renders the activity he pursued during break discontinuous with work, not incidental to employment. Missouri courts have held injuries compensable when they occurred during break time for such varied activities as feeding an off-premises parking meter, *James v. CPI Corp.,* 897 S.W.2d 92 (Mo.App.1995), and inflating the tire of employee's personal car, *Bybee v. Ozark Airlines,* 706 S.W.2d 570 (Mo.App.1986). It is well established employees may minister to personal comfort, including satisfaction of hunger, and still be considered engaged in the course of employment. *Moore v. St. Joe Lead Co.,* 817 S.W.2d 542, 543 (Mo.App.1991). "[A]ctivities for the comfort or convenience of the employee are considered incidental to employment when they occur within reasonable limits of time and place because they benefit the employee and thereby indirectly benefit the employer." *Davison v. Florsheim Shoe Co.,* 750 S.W.2d 481, 484 (Mo.App.1988). The fact Cox was returning from a brief, paid, authorized break does not make his injury less incidental to employment than if he fell on employer's extended premises while on the way to work at the start of his shift. Tyson's argument fails.

The Labor and Industrial Relations Commission misapplied the law when it refused to apply the extended premises doctrine to the facts of this case and determined Cox's injury did not arise out of or in the course of employment. Because Tyson raised other issues unaddressed in the commission's denial of award, we reverse and remand.

HOLSTEIN, C.J., and BENTON, PRICE and ROBERTSON, JJ., concur.

LIMBAUGH, J., concurs in separate opinion filed.

McHENRY, Senior Judge, concurs in opinion of LIMBAUGH, J.

COVINGTON, J., not sitting.

LIMBAUGH, Judge, concurring.

I concur in the outcome of this case and also in the rationale, except to the extent that it can be read to allow recovery on no more proof than an employer's "invitation" to its employees to park in a designated off-premises lot. Crucial to employee's recovery, in my view, is the additional fact that Tyson Foods apparently obtained permission from the owners of the lot before suggesting that the employees may park there. Only in this way was the lot "so appropriated" by Tyson or "so situate, designed and used" by Tyson and its employees that it became an extension of the premises.