Tyrone **WILSON**, Employee/Appellant,

v.

**MONSANTO COMPANY,**
**Employer/Respondent.**

No. 68668.

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 17, 1996.

Application to Transfer Denied
Aug. 20, 1996.

James J. Logan, James E. Hopkins, Chesterfield, for appellant.

Eric K. Eickmeyer, St. Louis, for respondent.

GRIMM, Judge.

In this workers' compensation case, employee appeals from the Labor and Industrial Relations Commission's decision denying him compensation. We affirm.

## I. Background

■ Employee is a salaried research biologist for employer. He works from 7 a.m. to 3:30 p.m. Employer gives him an unpaid half-hour lunch break and two paid 15-minute breaks. Employee combines his lunch break with the smaller breaks to have a longer time at noon.

Employee testified that riding his bike was his "primary form of recreational activity." He rode his bike to work and on his breaks for recreation. He had been doing this for 15 years.

On January 21, 1992, employee rode his bicycle to work. At lunch time, he rode it about a mile to McDonald's to eat. He finished eating and rode to a supermarket to buy candy bars and a soda.

On his way back to work, employee stopped for a stop sign. A truck made a sharp turn and hit him. This occurred about a mile from where he worked.

After the accident, employee began to suffer from pain in his buttocks and right leg. He claimed an inability to engage in recreational activities to the extent he did before the injury. He incurred medical expenses, but missed no work due to the injury.

After a hearing, the administrative law judge denied employee compensation because his "injury did not arise out of and in the course of his employment." The Labor and Industrial Relations Commission affirmed the judge's decision.

## II.

Employee's first point alleges the Commission erred in its final award denying compensation because employee's "injuries fell squarely under the provisions of § 287.120.7 and are therefore compensable...."

Section 287.120.7, RSMo 1994, enacted in 1990, states:

Where the employee's participation in a voluntary recreational activity or program is the proximate cause of the injury, benefits or compensation otherwise payable under this chapter for death or disability shall be forfeited regardless that the employer may have promoted, sponsored or supported the recreational activity or program, expressly or impliedly, in whole or in part. The forfeiture of benefits or compensation shall not apply when:

(a) The employee was directly ordered by the employer to participate in such recreational activity or program;

(b) The employee was paid wages or travel expenses while participating in such recreational activity or program; or

(c) The injury from such recreational activity or program occurs on the employer's premises due to an unsafe condition and the employer had actual knowledge of the employee's participation in the recreational activity or program and of the unsafe condition of the premises and failed to either curtail the recreational activity or program or cure the unsafe condition.

Employee argues that "he was on a break from his employment and was paid wages during that time and was engaging in a voluntary recreational activity when he was injured." Therefore, he concludes "his injury is compensable under § 287.120.7(b)." *

---

* The facts of this case are similar to those in *Bell v. Arthur's Fashions, Inc.*, 858 S.W.2d 760 (Mo. App.E.D.1993). There, the claimant walked to a nearby store during a paid 15-minute break to get a soda. *Id.* at 762. She fell on her way to the check-out line, injuring her back and knee. *Id.*

This court noted, "[C]laimant, while on a paid break, where she was unrestricted as to where she could go while on that break, was not performing any special task or duty for her employer. Her presence was not required at the place where she fell and it was a place where employer had no control over the premises." *Id.* at 764. We affirmed the Commission's denial of compensation. *Id.* at 765.

In the case before us, if employee chose to argue he was on a paid break, his injury would not be compensable under *Bell*.

██ The facts of this case are essentially undisputed. The issue is whether, as a matter of law, employee sustained an injury within the scope of his employment. Because this requires interpretation and application of the law, it falls within the province of our review. *Shinn v. General Binding Corp.,* 789 S.W.2d 230, 231 (Mo.App.E.D. 1990).

For injuries occurring prior to 1990, courts were guided by case law in deciding voluntary recreational activity cases. There was no general rule governing when an employee could recover. *Hollingsworth v. Biebel Bros. Roofing,* 873 S.W.2d 664, 665 (Mo.App.E.D. 1994). Instead, the courts looked at the particular facts of each case to determine whether the activity was sufficiently related to the employment. *Id.*

In 1989, this court considered *Seiber v. Moog Auto., Inc.,* 773 S.W.2d 161 (Mo.App. E.D.1989). In *Seiber,* the employee sustained an injury during a lunch break in an on-premises basketball game during her lunch break. *Id.* at 162. We found the employer had acquiesced to the activity to the extent it had become a regular incident of employment. *Id.* at 164.

In affirming the Commission's award of benefits, we stated:

> We have not overlooked the effect our decision may have. Expansion of coverage, which will eventually increase the cost to the worker's compensation system, concerns the courts. We acknowledge that employers may forbid recreational activities in the future thus having a negative impact on employee morale and physical fitness. Alternatively, the legislature could restrict coverage in this area.

*Id.* The following year, the General Assembly added paragraph 7 to § 287.120. This leads us to concur in employee's statement that these "amendments were enacted by the legislature to enable employers to limit their liability for recreational injuries."

Examining the pre–1990 case law, we find no case where an employee was compensated for an off-premises recreational injury simply because he was being paid when it occurred. Despite this, employee maintains employer is liable under § 287.120.7(b) because he was paid wages while engaging in a voluntary recreational activity.

In contrast to the admitted purpose of § 287.120.7 to limit liability, employee's interpretation would expand employer liability beyond that of pre–1990 case law. We decline to so hold. Point denied.

### III.

██ In employee's second point, he alleges the Commission erred in finding his injuries did not arise out of and in the course of his employment because he "provided sufficient competent evidence at the time of the hearing that [his] bicycling provided a mutual benefit to both [him] and [employer]." He argues, "The benefit to the employer in this instance is a healthier, happier employee."

Employee unilaterally undertook bicycling during his lunch time. His work did not create the necessity of travel. It was not an activity employer required or requested. Employee was not on an errand for employer or serving any other purpose for employer when the injury occurred.

██ A healthier, happier employee is a benefit to the employer, but it is not the type of benefit that invokes the mutual benefit doctrine. *See McClain v. Welsh Co.,* 748 S.W.2d 720, 726 (Mo.App.E.D.1988). If it was, any lunch time activity, e.g., eating, walking, shopping, or playing games, could be said to help have a healthier, happier employee. Adopting employee's position could create liability for employers engaged in those activities under the mutual benefit doctrine. We decline to expand the doctrine to that extent. Point denied.

The Commission's decision is affirmed.

REINHARD, P.J., and KAROHL, J., concur.