**Ladonna WELLS, Respondent,**

v.

**T.J. BROWN, D.D.S., Appellant.**

**No. SC 82433.**

Supreme Court of Missouri,
En Banc.

Dec. 12, 2000.

Thomas Clinkenbeard, Kansas City, for appellant.

Lance E. Hanson, Kansas City, for respondent.

BENTON, Judge.

While going to work on December 23, 1996, Ladonna L. Wells slipped and fell on the ice-covered parking lot of the building where she worked. Her employer, Thomas J. Brown, a dentist, leased an office in the building. The Labor and Industrial Relations Commission affirmed an award of workers' compensation. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Because compensability of the injury is a

question of law, this Court reviews *de novo* the Commission's conclusions of law. *Section 287.495.1(1),(3) RSMo 1994.*[1] Affirmed.

■ To be covered by workers' compensation, an injury must arise out of and in the course of employment. *Section 287.120.1; Blades v. Commercial Transport, Inc.*, 30 S.W.3d 827 (Mo. banc 2000). "Arising out of" and "in the course of" are two separate tests; both must be met before an employee is entitled to compensation. *Abel v. Mike Russell's Standard Service*, 924 S.W.2d 502, 503 (Mo. banc 1996).

## I.

■ Workers are not in the course of their employment except while engaged "in or about" the premises where their duties are being performed, or where their services require their presence. *Sec. 287.020.5; Drewes v. Trans World Airlines*, 984 S.W.2d 512, 514 (Mo. banc 1999).

■ Generally, injuries during transport to and from work are not compensable. *Person v. Scullin Steel Company*, 523 S.W.2d 801, 806 (Mo. banc 1975). Under the "extended premises" doctrine, however, injuries while going to or from work *are* compensable if:

(a) the injury-producing accident occurs on premises which are:

  1) owned or controlled by the employer, or

  2) not actually owned or controlled by the employer but which have been

    A) so appropriated by the employer or

    B) so situate, designed and used by the employer and his employees incidental to their work as to make them, for all practical intents and purposes, a part and parcel of the employer's premises and operation; *and*

(b) that portion of such premises is a part of the customary, expressly or impliedly approved, permitted, usual and acceptable route or means employed by workers to get to and depart from their places of labor and is being used for such purpose at the time of injury.

*Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534, 535–536 (Mo. banc 1996), citing *Kunce v. Junge Baking Co.*, 432 S.W.2d 602, 607 (Mo.App.1968) (emphasis added). If an employee is injured on extended premises while coming to or from work, the injury is in the course of employment as if "it had happened while the employee was engaged in his work at the place of its performance." *State ex rel. McDonnell Douglas Corp. v. Luten*, 679 S.W.2d 278, 280 (Mo. banc 1984); *Davis v. McDonnell Douglas*, 868 S.W.2d 170, 171 (Mo.App.1994).

Here, the dentist/employer did not own or control the parking lot. The dentist did request that his employees park in the perimeter of the lot (to save the closer parking for patients). At least once, he instructed claimant not to leave her car overnight in the parking lot. The dentist used the lot to load a van before traveling to his satellite offices. Claimant was never assigned a parking space or permit, or required to drive to work.

At issue is whether the parking lot was situated, designed or used by the dentist and his employees, so as to make it part of the dentist's premises and operations. This Court, in *Cox*, found that a lot—not owned or controlled by the employer—was so situated, designed or used. 920 S.W.2d at 535. There, an employee slipped on ice and fell in a parking lot. *Id.* The lot was "situated so near" the work area that employees found it convenient to park there. 920 S.W.2d at 536. The employer's designation of the lot as a place where employees could park fulfilled the "design" criteria. *Id.* When the employees used the "situate, designed" parking lot in *Cox*, requirement (a)(2)(B) was satisfied. *Id.*

---

1. All statutory citations are to RSMo 1994 unless otherwise indicated.

Here, it is undisputed that the parking lot was the only one near the office, and the most convenient place for employees to park. The dentist invited his employees to park there, albeit in the perimeter. The dentist's employees then used the "situate, designed" parking lot. Requirement (a)(2)(B) of *Cox* is satisfied.

The *Cox* case also addressed whether premises were "appropriated" by the employer under paragraph (a)(2)(A). *Cox,* 920 S.W.2d at 536. As the premises here are "so situate, designed and used," this Court need not address the appropriation issue.

The dentist claims that the parking lot is not his extended premises because his lease does not expressly include parking. Although the lease is not in the record, the Commission found that the "employer had leased office space and made rent payments for the maintenance of the office itself and the common areas such as parking lots, hallways, and sidewalks." This Court defers to the Commission's findings of facts. *Section 287.495; Shepard v. Robinson,* 451 S.W.2d 329, 335 (Mo.1970).

The dentist attempts to distinguish *Cox.* There, the injury occurred during the work day while the employee was on an authorized break. This fact does not matter: "The fact Cox was returning from a brief, paid, authorized break does not make his injury less incidental to employment than if he fell on employer's extended premises *while on the way to work at the start of his shift." Cox,* 920 S.W.2d at 537 (emphasis added).

As to requirement (b), claimant fell while on the customary, impliedly approved, permitted, usual and acceptable route to work. Because the injury occurred on this route, it is immaterial that her husband dropped her off near the building and parked only briefly. See *Cherry v. Powdered Coatings,* 897 S.W.2d 664, 668[9] (Mo.App.1995). By the extended premises doctrine of *Cox,* claimant's injury is compensable. See *Frye v. Viacom,* 927 S.W.2d 545 (Mo.App.1996).

## II.

The dentist claims that the *Cox* and *Frye* decisions are superceded by section 287.020.3(2)(d), in the 1993 amendments to the Workers' Compensation Law. *1993 Mo. Laws 766,* codified as *section 287.020.3(2)(d).* The injuries in both *Cox* and *Frye* occurred before the 1993 amendments took effect. See *Cox,* 920 S.W.2d at 535; *Frye,* 927 S.W.2d at 547.

The dentist contends that the "unrelated hazard" exclusion in subsection (d) bars claimant's recovery. An injury arises out of and in the course of employment only if:

> It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal non-employment life.

*Section 287.020.3(2)(d).* Because the weather was icy for miles around the building, the dentist says that claimant was "equally exposed" to it in her "normal non-employment life."

■ To the contrary, in her non-employment life, claimant would not have been going to work across the dentist's icy parking lot. See *Kasl v. Bristol Care,* 984 S.W.2d 852, 854 (Mo. banc 1999); *Willeford v. Lester E. Cox Medical Center,* 3 S.W.3d 872, 877–878 (Mo.App.1999). *Finley v. St. Louis Smelting & Refining Co.,* 361 Mo. 142, 233 S.W.2d 725, 727 (1950). The claimant's injury did come from a hazard or risk related to her employment, under subsection 287.020.3(2)(d).

The decision of the Labor and Industrial Relations Commission is affirmed.

All concur.