Odis JONES, Respondent,

v.

TRANS WORLD AIRLINES, INC., Appellant.

No. WD 59432.

Missouri Court of Appeals, Western District.

Dec. 26, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 2002.

Application for Transfer Denied April 23, 2002.

Thomas Clinkenbeard, Kansas City, for appellant.

John B. Boyd, Kansas City, for respondent.

Before ULRICH, P.J.,
BRECKENRIDGE, J. and ELLIS, J.

ROBERT G. ULRICH, P.J.

Trans World Airlines, Inc. (TWA) appeals the final award of the Labor and Industrial Relations Commission awarding workers' compensation benefits to Odis Jones. TWA claims that the Commission misapplied the law in awarding benefits to Mr. Jones because the proximate cause of Mr. Jones's injuries was his participation in a voluntary recreational activity and, therefore, workers' compensation benefits were forfeited under section 287.120.7.[1] The final award of the Commission is re-

versed, and the case is remanded to the Commission with directions to enter an award consistent with this opinion.

The material facts of this case are not disputed. Odis Jones is employed by TWA as a mechanic. He works an 8-½ hour shift that includes a 30 minute unpaid lunch break. For the past eight years, Mr. Jones, who was 59 years old at the time of the accident, has walked during his lunch break for recreation and exercise. Mr. Jones has walked either in an enclosed tunnel that connects the hanger and sheet metal shop or on a paved walking path that TWA constructed on its premises several years ago for the use and enjoyment of its employees. Mr. Jones and other TWA employees have used two different routes from the building where they work to the walking path. One route is along the building and across a private road to the path. The second route, which was longer, takes employees across two sides of a parking lot and then across the private road to the path.

On July 18, 1997, the day of the accident, Mr. Jones decided to walk during his lunch break. His decision was made without encouragement or instruction from his employer. Before leaving the building, Mr. Jones changed from his work boots to tennis shoes. He then exited the building and chose the longer of the two routes through the parking lot to the walking path. As Mr. Jones started to cross the private road from the parking lot, he tripped over an area where the parking lot, road, grass, and dirt met and fell striking his face and head and injuring his neck and body. On November 17, 1997, Mr. Jones underwent neck surgery. He returned to work on March 2, 1998.

Mr. Jones filed a workers' compensation claim for his injuries on September 8,

---

**1.** All statutory references are to RSMo 2000    unless otherwise indicated.

1997. Following a hearing, the Administrative Law Judge of the Division of Workers' Compensation (ALJ) denied Mr. Jones's request for workers' compensation benefits based on section 287.120.7. Specifically, the ALJ found that Mr. Jones's injuries did not arise out of or in the course of his employment but from a slip and fall while recreationally walking during his unpaid lunch hour. Thereafter, Mr. Jones filed an application for review with the Labor and Industrial Relations Commission. The Commission reversed the decision of the ALJ finding that Mr. Jones's injuries did arise out of or in the course of his employment. The Commission reasoned that Mr. Jones had not yet reached the recreational walking path, and, therefore, the injuries he sustained while passing over the employer's premises to or from work with the express consent of his employer were incidental to employment and thus compensable. The Commission awarded Mr. Jones $75,288.01 in permanent partial disability, temporary total disability, and medical care. This appeal by TWA followed.

■ Section 287.495 provides the standard of review for an appellate court in a workers' compensation case. It states in relevant part:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1. Review of a workers' compensation award involves a two step process. *Bloss v. Plastic Enters.*, 32 S.W.3d 666, 670 (Mo.App. W.D.2000). First, the reviewing court must examine the whole record in a light most favorable to the award to determine if the record contains sufficient, competent, and substantial evidence to support the award. *Id.* If the court finds sufficient, competent, and substantial evidence to support the award, it then must determine whether the award is against the weight of the evidence. *Id.*

■ Where the facts are not in dispute, as in this case, the appellate court is not bound by the Commission's conclusions of law or its application of law to the facts. *Thomas v. Hollister, Inc.*, 17 S.W.3d 124, 126 (Mo.App. W.D.1999). In such case, the question of whether an accident arose out of and in the course of employment is a matter of law requiring *de novo* review. *Id.*

In its sole point on appeal, TWA claims that the Commission misapplied the law in awarding Mr. Jones workers' compensation benefits for the injuries he sustained on July 18, 1997. It asserts that workers' compensation benefits were forfeited under section 287.120.7 because the proximate cause of Mr. Jones's injuries was his participation in a voluntary recreational activity.

Section 287.120.7 provides:

Where the employee's participation in a voluntary recreational activity or program is the proximate cause of the injury, benefits or compensation otherwise payable under this chapter for death or disability shall be forfeited regardless that the employer may have promoted, sponsored or supported the recreational activity or program, expressly or impliedly, in whole or in part. The forfeiture of benefits or compensation shall not apply when:

(a) The employee was directly ordered by the employer to participate in such recreational activity or program;

(b) The employee was paid wages or travel expenses while participating in such recreational activity or program; or

(c) The injury from such recreational activity or program occurs on the employer's premises due to an unsafe condition and the employer had actual knowledge of the employee's participation in the recreational activity or program and of the unsafe condition of the premises and failed to either curtail the recreational activity or program or cure the unsafe condition.

Prior to the enactment of section 287.120.7 in 1990, no general rule existed regarding when an employee could recover workers' compensation benefits for injuries sustained in a recreational activity. *Wilson v. Monsanto Co.*, 926 S.W.2d 48, 50 (Mo.App. E.D.1996). Instead, the particular facts of each case were considered to determine whether the activity was sufficiently related to the employment. *Id.* Such was the case in the 1989 Eastern District case *Seiber v. Moog Auto., Inc.*, 773 S.W.2d 161 (Mo.App. E.D.1989). In *Seiber*, an employee sustained an injury during her lunch break in an on-premises basketball game. 773 S.W.2d at 162. The Eastern District held that the injury was compensable because the employer acquiesced to the activity to the extent that it had become a regular incident of employment. *Id.* at 164. The court, however, further explained:

We have not overlooked the effect our decision may have. Expansion of coverage, which will eventually increase the cost to the worker's compensation system, concerns the courts. We ac-

knowledge that employers may forbid recreational activities in the future thus having a negative impact on employee morale and physical fitness. Alternatively, the legislature could restrict coverage in this area.

*Id.* The General Assembly enacted section 287.120.7 one year later. This statute limits an employer's liability for injuries sustained by an employee during a recreational activity that otherwise would have been incidental to the employment. *Wilson*, 926 S.W.2d at 50. Consequently, employer-sponsored recreational activities are encouraged.

In this case, Mr. Jones's activity of walking for recreation and exercise during his unpaid lunch break was the type of activity the statute was intended to promote by limiting an employer's liability for injuries sustained by an employee during such activity. Mr. Jones's injuries were proximately caused by his participation in a recreational activity—walking. Mr. Jones voluntarily chose to walk for recreation and exercise during his unpaid lunch break. He was not directly ordered by his employer, TWA, to participate in the activity. Mr. Jones does not assert and the evidence does not show that his injuries from walking were due to an unsafe condition on TWA's premises. Section 287.120.7, therefore, applied in this case.

■ The Commission found and the dissent agrees that Mr. Jones had not yet reached the walking path, that he was not yet participating in a recreational activity when he fell and was injured, and that, therefore, an exception to the "coming and going" rule applied. To be compensable under workers' compensation, an employee's injury must arise out of and in the course of his employment. § 287.120.1. Generally, injuries sustained by an employee while going to or coming from work do not arise out of and in the course of

employment. *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534, 535 (Mo. banc 1996). The dissent cites *Cox* and *Wells v. Brown*, 33 S.W.3d 190 (Mo. banc 2000), as authority for holding that Mr. Jones's injuries are compensable under the worker's compensation statute. In *Cox*, the Missouri Supreme Court held that the employee was entitled to worker's compensation benefits where he sustained injuries as a result of a fall en route to his employer's premises from a nearby parking lot. The Court explained that injuries incurred on an employer's premises along the accepted route to or from work arise out of and in the course of employment just as do injuries occurring during the performance of work. *Cox*, 920 S.W.2d at 536. In *Wells*, the Missouri Supreme Court upheld an award of worker's compensation benefits to an employee who slipped and fell on an icy parking lot of the building where she worked. The Court again explained that injuries incurred by an employee while traversing to the work place on property owned or controlled by the employer are compensable. *Wells*, 33 S.W.3d at 192.

▮ The Commission determined in this case:

[C]laimant's injury is compensable because it occurred while claimant was on employer's premises, but prior to stepping within the perimeter of the excluded recreational area or walking path. Until claimant actually reaches the recreational area, the act of walking on the employer's property remains within the course and scope of employment.

This case, however, is not analogous to the *Cox* and *Wells* cases, which apply the exception to the "coming and going" rule. In neither *Cox* nor *Wells* was the employee participating in a recreational activity that was the proximate cause of the injury; therefore, in neither cause did section 287.120.7 apply. On the contrary, in this case Mr. Jones's testimony before the ALJ and his actions on the day of the accident showed that his entire walk around the TWA premises, including his walk to and from the walking path, was intended by him to be a single recreational event. Before starting his walk, Mr. Jones changed from his work boots to tennis shoes. He then exited the building in which he worked and chose the longer of the two routes through the parking lot to the walking path. Mr. Jones testified that he took the circuitous route to the walking path because his primary goal was to exercise by walking. Under these facts, Mr. Jones's travel to and from the walking path was indistinguishable from his use of the path itself. The Commission's finding that Mr. Jones had not yet begun participating in a recreational activity because he had not yet reached the walking path misconstrued section 287.120.7. Section 287.120.7 provides that workers' compensation benefits are forfeited where the employee's participation in a voluntary recreational activity is the proximate cause of his injuries. The statute does not require that the recreational activity occur on an area specifically designated for recreation by the employer. Mr. Jones sustained his injuries while participating in a recreational activity. The injuries, therefore, were not compensable under section 287.120.7.

The Commission misapplied the law in awarding workers' compensation benefits to Mr. Jones for injuries he sustained while voluntarily walking for exercise during his unpaid lunch break. The decision of the Commission is, therefore, reversed, and the case is remanded to the Commission with directions to enter an award denying workers' compensation benefits.

BRECKENRIDGE, J., concurs.

ELLIS, J., dissents in a separate opinion.

JOSEPH M. ELLIS, Judge, dissenting.

I respectfully dissent because the majority opinion conflicts with the most recent controlling decision of the Missouri Supreme Court.

In *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534 (Mo. banc 1996), "Delbert Cox slipped on ice and injured his back while returning to work from a trip to a convenience store during his paid break." *Id.* at 535. Tyson permitted workers to leave the premises during their breaks, and Mr. Cox had done so to purchase a breakfast biscuit. *Id.* He was walking along the usual and customary route from the parking lot to the plant when he fell. *Id.*

Mr. Cox filed a claim for workers' compensation benefits and was awarded compensation by the Administrative Law Judge after a hearing. *Id.* Tyson appealed to the Labor and Industrial Relations Commission, which reversed the award. *Id.* Mr. Cox appealed, and our Supreme Court held that the Commission had misapplied the law and that Mr. Cox was entitled to benefits. *Id.* at 537. In doing so, the Court noted that "[i]njuries incurred on employer's premises along the accepted route to or from work arise out of and in the course of employment just a much as do injuries occurring during the performance of work."[1] *Id.* at 536. The Court also rejected Tyson's argument that the personal nature of the trip to the convenience store precluded compensation. *Id.* at 537. It pointed out that Missouri courts have held injuries that occurred during break time compensable, notwithstanding they involved such varied activities as feeding a parking meter and inflating a tire on the employee's personal car. *Id.* The Court went on to state that " 'activities for the comfort or convenience of the employee are considered incidental to employment when they occur within reasonable limits of time and place because they benefit the employee and thereby indirectly benefit the employer.' " *Id.* (quoting *Davison v. Florsheim Shoe Co.*, 750 S.W.2d 481, 484 (Mo.App. W.D.1988)). Accordingly, the Court held that the fact that Mr. Cox was returning from his authorized break did not make his injury less incidental to his employment than if he fell on the way to work at the start of his shift. *Id.*

In *Wells v. Brown*, 33 S.W.3d 190 (Mo. banc 2000), our Supreme Court affirmed the continued vitality of *Cox*, rejecting an argument that it was superceded by amendments to the Workers' Compensation Law in 1993.[2] *Id.* at 193. The *Wells* Court stated that injuries going to or from one's work place are compensable if the injury producing accident occurs on premises which are owned or controlled by the employer. *Id.* at 192. In *Wells*, the employee slipped and fell on the ice-covered parking lot of the building where she worked, and the Supreme Court affirmed an award of compensation in favor of the employee. *Id.* at 191–193.

In the case *sub judice*, Mr. Jones decided to get some exercise during his lunch

---

1. Indeed, in *Cox*, the injury occurred on premises not owned or leased by Tyson, but which was regularly used by Tyson's employees, with the permission and encouragement of Tyson.

2. The Missouri Supreme Court granted transfer after opinion by this court. *See Wells v. Brown*, 2000 WL 29417 (Mo.App. W.D. Jan.18, 2000). In this court's opinion, there was an assumption that the injury in the *Cox* case occurred prior to the effective date of the 1993 amendments to the Workers' Compensation Law, although there was nothing in the *Cox* opinion to support that assumption. *Wells*, 2000 WL 29417, *Id.* at *7. In any event, as noted in the main text, the Supreme Court rejected the contention that *Cox* was superceded by the 1993 amendments. *Wells*, 33 S.W.3d at 193.

break by going to the walking path provided by his employer and taking a walk. There are two usual and customary routes to the walking path. The first runs along the side of the building and then crosses a private road to the path. The second traverses two sides of the parking lot and then crosses the private road to the path. Mr. Jones took the second route. As he started to cross the private road, before he reached the path, he tripped on an area where the parking lot, private drive, grass and dirt met. He fell face down and suffered serious injuries.

The majority holds that because Mr. Jones subjectively viewed his trip to the walking path as part of the exercise walk he intended to take, he was injured in the course of a recreational activity and is precluded from receiving workers' compensation benefits by virtue of § 287.120.7. The Commission, on the other hand, found that his subjective contemplation of the trip to the walking path was not dispositive, but rather the objective fact that he was injured prior to entering the perimeter or boundaries of the walking path where TWA contemplated its employees would engage in recreational walks was determinative.

I agree with the Commission. Section 287.120.7 has no application to this case. While TWA provided a recreational area, the walking path, the injury did not occur on the employer provided recreational facility. Rather, it happened on Mr. Jones' trip to the recreational facility and is, therefore, no less compensable than if Mr. Jones had fallen while walking to or from his work place at the beginning or end of his shift, or when going to or returning from a trip to a convenience store during his lunch break.

The facts in this case are essentially indistinguishable from those in *Cox*.[3] Mr. Cox was walking along the usual and customary route to and from the parking lot after a trip to a convenience store on his morning break. *Cox*, 920 S.W.2d at 535. Mr. Jones was walking along one of the two usual and customary routes to the company's recreational path during his lunch break. Mr. Cox's employer, Tyson, permitted employees to go to the convenience store during their breaks. *Id.* Mr. Jones' employer, TWA, permitted its employees to go to and use the walking path during their lunch or break periods. Mr. Cox was returning from his trip to convenience store when he was injured. *Id.* Mr. Jones was on his way to the walking path when he was injured.

The fact that Mr. Jones may have subjectively believed that his exercise walk included the trip to and from the path, not just the walking he would do on the path, makes no difference. Otherwise, an employee who routinely uses the stairs instead of the elevator because it is good exercise, and is injured while doing so, would be precluded from receiving compensation benefits because he subjectively believed he was engaged in a recreational activity. This would be preposterous and neither contemplated nor intended by § 287.120.7. The majority's reliance on Mr. Jones' subjective belief in this case is no less preposterous.

For the foregoing reasons, I would affirm the Commission's award of benefits to Mr. Jones.

---

**3.** The facts here are also essentially indistinguishable from those in *Wells,* where the employee was walking from the parking lot to the building to begin her work day when she slipped and fell. *Wells,* 33 S.W.3d at 191.