Bobby Lee DAVISON, Respondent,

v.

The FLORSHEIM SHOE COMPANY, Appellant.

No. WD 39907.

Missouri Court of Appeals, Western District.

March 15, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1988.

John F. Sander, Riethmann and Soebbing, St. Louis, for appellant.

Joseph M. Ellis, Macon, for respondent.

Before COVINGTON, J., Presiding,
and SHANGLER and TURNAGE, JJ.

COVINGTON, Judge.

The Florsheim Shoe Company (Florsheim) appeals from the Labor and Industrial Relations Commission's award of worker's compensation benefits to Bobby Lee Davison (Davison). Florsheim asserts that Davison's injury arose neither in the course of nor out of his employment with Florsheim and is, therefore, not a compensable injury. The judgment is affirmed.

Mr. Davison, a 20–year–old employee of The Florsheim Shoe Company, was a shank nailer. On August 28, 1984, he was returning to his work station from an afternoon break on the premises. He observed an industrial rubber band on the floor. He picked it up and continued walking toward his work station, holding the band at chest level and stretching it. The rubber band apparently broke and struck him in the eye causing industrial blindness for worker's compensation purposes. Mr. Davison had picked up rubber bands on an average of two times per week. Other employees picked up rubber bands. The employees either threw the rubber bands away or reused them. There was a box into which the used bands were placed.

Subsequent to the accident, Mr. Davison reported to the floor supervisor, Ms. Tarrant, and to a treating physician, Dr. Hawkins, that he was "playing" with a rubber band when it snapped and hit him in the eye. Mr. Davison and Ms. Tarrant testified before the administrative law judge and Dr. Hawkins' records were admitted into evidence.

Florsheim argues that Davison's "playing" constituted a voluntary act of self-amusement or horseplay and is, consequently, non-compensable. The conflict lies in the differing interpretations, along with the permissible inferences, to be drawn from the evidence of Mr. Davison, Ms. Tarrant, and Dr. Hawkins' records with regard to Mr. Davison's activity with the rubber band.

The standard of review in worker's compensation cases is set forth in § 287.495, RSMo 1986. The court of appeals reviews the award of the Labor and Industrial Relations Commission, not the findings of the administrative law judge. The review is of the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. The function of the court is to determine whether the Commission's findings are supported by competent and substantial evidence upon the whole record. *Lewis v. City of Liberty,* 600 S.W.2d 677, 679 (Mo.App.1980). The weight of the evidence and the credibility of the witnesses are for the Commission only. Where the finding of ultimate facts must be made by a process of reasoning from the facts alone, the appellate court will not disturb the Commission's finding. *Williams v. S.N. Long Warehouse Co.,* 426 S.W.2d 725, 733 (Mo.App.1968). While there may be no conflict in the testimony of witnesses, but the testimony permits conflicting inferences to be drawn, the ultimate question is one of fact. *Miller v. Sleight & Hellmuth Ink Co.,* 436 S.W.2d 625, 627 (Mo.1969).

Having heard the testimony and reviewed the exhibits, as set forth *supra,* the administrative law judge found that Mr. Davison was unconsciously stretching the rubber band, thus negating Florsheim's contention of a voluntary act of horseplay. The administrative law judge also found the injury to be compensable. The Labor and Industrial Commission reviewed and affirmed the administrative law judge's decision, adopting the judge's findings.

■ The fundamental purpose of the Worker's Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment. The law is to be broadly and liberally interpreted and is intended to extend its benefits to the largest possible class. Any question as to the right of an employee to compensation must be resolved in favor of the injured employee. *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983).

■ An injury "arises out of" the employment if it is a natural and reasonable incident of the employment; the injury occurs "in the course of employment" if the accident occurs within the period of employment at a place where the employee may reasonably be fulfilling the duties of employment. The tests are separate and both must be met before an injury may be determined compensable. *Automobile Club Inter–Insurance Exchange v. Bevel,* 663 S.W.2d 242, 245 (Mo. banc 1984).

■ The injury arises out of the employment "when there is a causal connection between the nature of the employee's duties or conditions under which he is required to perform them and the resulting injury." *Id.* An employee has been held to have sustained a compensable injury arising out of employment where the injury results from a risk reasonably inherent in the particular conditions of the employment. *Yaffe v. St. Louis Children's Hospital,* 648 S.W.2d 549, 551 (Mo.App.1982). Here, Mr. Davison had been on a break. Returning from break, Davison picked up the rubber band from the floor, an act which he had done on prior occasions and had observed other employees doing on numerous prior occasions. Boxes of nails and other packages came wrapped in rubber bands which fell to the floor. The activity violated no rules of the employer and was an activity which the employer should have expected or reasonably anticipated. The risk was reasonably inherent in the particular conditions of employment.

■ Davison's injuries also arose within the course of employment under the second part of the test, which refers to time, place and circumstances under which

the injuries are received. *Automobile Club Inter–Insurance Exchange*, 663 S.W.2d at 245. To satisfy the requirement that the employee's injury occurred in the course of employment, it is necessary only to prove that the injury occurred within the period of employment at a place where the employee may reasonably be while he is engaged in the furtherance of the employer's business, or in some activity incidental thereto. *Yaffe*, 648 S.W.2d at 550. The activities for the comfort or convenience of the employee are considered incidental to employment when they occur within reasonable limits of time and place because they benefit the employee and thereby indirectly benefit the employer. Benefits derived by the employer need be neither tangible nor great for the accident to be held compensable. *Thompson v. Otis Elevator Co.*, 324 S.W.2d 755, 758 (Mo.App. 1959). Injuries which occur during these incidental activities are held to have been in the course of employment. See *Jones v. Bendix Corp.*, 407 S.W.2d 650, 652 (Mo. App.1966).

█ Florsheim provided breaks and a place in which to take them. The general procedure was that the employees were permitted to determine the number of breaks they might take and the specific time at which they desired to take the break. Davison did not deviate from company policy in taking a break during normal business hours.

█ Although Davison could not say with absolute certainty why he had picked up the rubber band on the particular occasion of his injury, he had picked up rubber bands on numerous prior occasions as a safety precaution. It is reasonable to infer that picking up the rubber band was of benefit to the employer under the circumstances. There is no doubt that the injury occurred within the time and place of employment. It is not necessary that the activity leading to the injury be a part of Davison's specific job description.

Florsheim cites five cases, all from other jurisdictions, in support of its position that Davison's activity was voluntary horseplay. The activities in those cases include shoot-ing a paper clip with a rubber band, playing with a dynamite cap, and other activities which are clearly factually distinguishable from the present case. Every worker's compensation case must be determined on its own particular set of facts. In this case, Mr. Davison's injury arose out of and in the course of his employment and he is, therefore, entitled to compensation.

The judgment is affirmed.

All concur.