**Gloria J. BELL, Appellant,**

v.

**ARTHUR'S FASHIONS, INC., Respondent.**

No. 62842.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 1993.

Gerald K. Rabushka, Cynthia A. Frank, St. Louis, for appellant.

William R. Gallagher, St. Louis, for respondent.

STEPHAN, Judge.

This is an appeal from the Labor and Industrial Relations Commission of the State of Missouri's Order of September 17, 1992 affirming the denial of compensation by Administrative Law Judge Joseph J. Schmidt, Jr. by a two-to-one decision with Commission Member Philip M. Barry dissenting.

Gloria J. Bell (hereinafter "claimant") asserts two points on appeal. Claimant asserts (1) that the Commission's decision was not in conformity with the provisions of Section 287.460, RSMo 1986; and (2) that the Commission erred in finding that claimant did not sustain an accidental injury arising out of and in the course of her employment.

Claimant was the only one to testify at the hearing. The facts are not in dispute. On August 17, 1989, claimant was a co-manager at Arthur's Fashions at Riverview Shopping Mall in St. Louis. At all times relevant to this incident, Arthur's Fashions was an employer operating under the provisions of the Missouri Workers' Compensation Law. Claimant was on duty as the co-manager on August 17, 1989. At about 8:00 p.m. on the evening of August 17, 1989, claimant took a break to get something to drink. Employees of Arthur's Fashions may take two fifteen minute breaks in addition to a lunch hour. Arthur's Fashions does not provide its employees with facilities to take a break. There is not a soda machine or a water fountain on Arthur's Fashions premises nor a rest area. There are two places in the mall to purchase food or drink, Walgreen's or Woolworth's. Claimant, on her break, went to Woolworth's to get a soda. Claimant testified that she went daily on her break to Woolworth's for the purpose of getting one. Claimant also testified that other Arthur's Fashions' employees went to Walgreen's or Woolworth's on their break. Woolworth's and Walgreen's are the closest place to Arthur's Fashions to get something to eat or drink. Claimant testified that during the fifteen minute breaks, she could go anywhere she chose and no one told her where to go nor did she have to clock in or out. There was no deduction in pay for these fifteen minute breaks. She could leave the premises if she wished.

Claimant testified the injury occurred as follows: claimant, while on her break, on August 17, 1989, went to Woolworth's to get a soda. As she proceeded to the checkout line, she slipped and fell on a greasy foreign substance on the floor. She landed on her hands and knees. She injured her back and one knee. After the accident she was taken to the hospital. She was required to do physical therapy for her injuries. She was under the care of a physician for the injuries she sustained until October 25, 1989, at which time the physician told her she could go back to work if she felt better. Since the accident, claimant has received no disability benefits from Arthur's Fashions.

The standard of review in workers' compensation cases is set forth in Section 287.495 RSMo 1986. The court of appeals reviews the decision of the Labor and Industrial Relations Commission, not the findings of the administrative law judge. The review is of the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. *Davison v. Florsheim Shoe Co.,* 750 S.W.2d 481, 483 (Mo.App.1988). The weight of evidence and the credibility of the witnesses are for the Commission only. *Id.*

Claimant contends that the Commission's decision was not in conformity with the provisions of Section 287.460 RSMo 1986. Section 287.460 RSMo 1986, states in part:

[T]he award, together with the statement of the findings of fact, rulings of law and any other matters pertinent to the questions at issue, shall be filed with the record of proceedings, and a copy of the award shall immediately be sent ... to the parties in dispute and the employer's insurer.

The administrative law judge, in his findings of fact and rulings of law, stated the following:

Employee worked for Arthurs [sic] Fashions as an assistant manager and was permitted two fifteen-minute off-premises breaks. There was no deduction in pay for these breaks. Her time was her own on these breaks which she took daily. She fell in Woolworth's Store injuring herself.

The injury did not arise out of and in the course of her employment. 287.120 Mo.Rev.Stat.

The *Kunce* case, 432 S.W.2d 602, would seem to be applicable. The claim was denied even though claimant had returned to the premises.

I find there was not a compensable injury.

The final award denying compensation and affirming the award of the administrative law judge by the Commission states, in part:

[A]fter having reviewed the evidence and considered the whole record and oral argument of counsel, the Commission finds that the award of the administrative law judge is supported by competent and substantial evidence and was made in accordance with the Missouri Workers' Compensation Act. Therefore, pursuant to Section 286.090, Revised Statutes of Missouri, the Commission hereby affirms the award of the administrative law judge ... and awards no compensation....

The findings of fact and the rulings of law of the administrative law judge are incorporated by reference to the Commission's final award denying compensation.

In *Evans v. Farmers Mut. Hail Ins. Co.,* 240 Mo.App. 748, 217 S.W.2d 705, 708–709 (1949), it is stated that a general finding of the Commission implies the finding of every fact necessary to support the general finding. The Commission is not required to make its findings any more definite. *Id.* If either party desires particular or specific findings, such findings should have been requested of the Commission, and in default of such request complaint on appeal will not be heard. *Id. See also Richardson v. Falcon Products, Inc.,* 739 S.W.2d 596, 598 (Mo.App.1987). This point is denied.

Claimant further contends that the Commission erred in finding that claimant did not sustain an accidental injury arising out of and in the course of her employment. The administrative law judge and the Commission relied on *Kunce v. Junge Baking Company,* 432 S.W.2d 602 (Mo.App.1968) in determining whether to award compensation.

In *Kunce,* an injury was sustained when employee, in the exercise of his right to take an off-the-premises break with no restrictions as to where he could go, went to a nearby store to obtain cigarettes and purchase Christmas tree tinsel and on return tripped and fell over a hoop on the employer's premises. The court held that the injury did not arise out of the course of employment where neither the origin nor the ownership of the hoop was attributable either to employer or its business and the cement walkway was not used for customary place of ingress and egress.

■■■ An injury arises "out of" the employment when there is a causal connection between the conditions under which the work is to be performed and the resulting injury, and it arises "in the course of" the employment when it occurs within the period of the employment at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. *Kunce,* 432 S.W.2d at 609. It is incidental to employment that an employee travel to and from the entrance at his place of labor on his employer's premises to get to and from his assigned place of employment. *Id.* The inevitable facts of human beings in ministering to their personal comfort while at work, such as seeking warmth and shelter, heeding a call of nature, satisfying thirst and hunger, washing, resting or sleeping, and preparing to begin or quit work, are held to be incidental to the employment under the personal comfort doctrine. *Id.* These conclusions are justified because as long as the employee is *on the employer's premises,* he is subject to all the environmental hazards

associated with the employment and to the employer's right to control and direct. *Id.*

The court in *Kunce* determined that the employee made his own decision to undertake the venture to the drug store to obtain cigarettes and Christmas tree tinsel. *Id.* at 610. He was not engaged in any special employment or task on the trip nor performing any services for his employer. The journey was not a part, either regular or incidental, of his employment, and the services for which he was hired did not require his presence at the place where he fell. At the time of the accident employee was simply on his own, partaking of a gratuity suffered and allowed by his employer with no loss in pay. When employee exercised the right to take an off-the-premises break with no restrictions as to where he could go or what he could do, his departure from the bakery on such an occasion constituted a definite and real discontinuity in the employment and the employer's right to control and direct. Thus, even though employee had re-entered the premises of the bakery, he was denied compensation for the injury he sustained because his activity, in originally leaving the premises, fell outside the scope of his employment.

The facts of *Kunce* bear much similarity to the case at hand. Here, claimant, while on a paid break, where she was unrestricted as to where she could go while on that break, was not performing any special task or duty for her employer. Her presence was not required at the place where she fell, and it was a place where employer had no control over the premises.

■ Claimant alleges that because employer did not provide a place for her to rest or get drink or food, Woolworth's was an extension of Arthur's Fashions' work place. In *Kunce, supra,* 432 S.W.2d at 609, the court stated that if there are known, encouraged or settled practices carried on by employees *upon the employer's premises* which become inherent elements of the employment, such practices may be said to have become incidental to the employment and within the course of employment. Here, there was no evidence that Arthur's Fashions encouraged employees

to go to Woolworth's on their breaks. Claimant was the only one to testify and she testified that she was free to go wherever she wished on her breaks. Paid vacations or sick leaves may be incidents of the employment and can conceivably be of mutual benefit to the employer and the employee, but events transpiring during the duration thereof do not arise out of or in the course of employment because there is an interruption or suspension of the employment and of the right of *control by the employer* and because the hazards which may be encountered are not associated with the work. *Id.* at 610. Similarly, the events which transpired during the duration of claimant's paid break, when the claimant was free to go wherever she wished, caused an interruption of her employment and the right of Arthur's Fashions to control claimant's whereabouts and the hazard she encountered at Woolworth's.

Claimant cites seven other cases besides *Kunce* in support of her contention that compensation should have been awarded. Five of the seven are not factually similar, and can therefore be distinguished, in that the injury employee sustained occurred on the premises of employer. *See: Moore v. St. Joe Lead Company,* 817 S.W.2d 542 (Mo.App.1991); *Davison v. Florsheim Shoe Company,* 750 S.W.2d 481 (Mo.App. 1988); *Yaffe v. St. Louis Children's Hospital,* 648 S.W.2d 549 (Mo.App.1982); *Jones v. Bendix Corp.,* 407 S.W.2d 650 (Mo.App. 1966); and *Thompson v. Otis Elevator Company,* 324 S.W.2d 755 (Mo.App.1959).

In the other two cases cited by claimant, compensation was granted where the employee's injury did not occur on the premises of employer. *See Ford v. Bi–State Development Agency,* 677 S.W.2d 899 (Mo. App.1984) and *Goetz v. J.D. Carson Co. et al.,* 357 Mo. 125, 206 S.W.2d 530 (1947). However, these two cases can also be distinguished from the case at hand.

In *Ford,* a bus driver was injured when he slipped and fell upon entering a fast-food restaurant where he had stopped to use the restroom and obtain a cup of coffee. It was determined that the injury

occurred within the course of his employment and workers' compensation benefits were awarded. Evidence there indicated that employees were permitted to use unspecified facilities when needed. *Id.* at 902. Further, the court determined that the bus driver's stop, which did not deviate from his usual bus line route, where he waited until no passengers remained on the bus and where he used a facility which required the least amount of time away from the bus, was within the reasonable limits of time and place so as not to be considered a substantial deviation nor an extraordinary action precluding recovery. *Id.*

In *Goetz, supra,* employee, a collection agent, whose duty it was to make collections in the areas of St. Louis City and County turned his foot over a loose brick while on duty. A pulmonary embolism developed from the sprained ankle causing the employee's death. *Id.* 206 S.W.2d at 532. Evidence indicated that employee twisted his ankle when coming out of a place where he had entered to get a soda. The court noted that employer knew that the agent was making his collections and performing his duties by foot and that the employee worked a territory comprising large areas of St. Louis City and St. Louis County. Under these circumstances, the court considered employee's stop to be within the reasonable limits of time and place and was considered reasonably incidental to employment.

The facts of both of these cases are distinguishable from the case at hand in that there the employees' job duties required travel and neither had a settled place of employment. The order of the Commission in the instant case is supported by competent and substantial evidence on the whole record and is consistent with applicable law.

Judgment affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.