**Veronica L. DREWES, Respondent,**

v.

**TRANS WORLD AIRLINES, INC., Appellant.**

No. 80989.

Supreme Court of Missouri, En Banc.

Feb. 9, 1999.

Loretta A. Simon, St. Louis, for Appellant.

Thomas J. Gregory, St. louis, for Respondent.

BENTON, Chief Justice.

The Labor and Industrial Relations Commission affirmed an award of workers' compensation benefits to Veronica L. Drewes. The employer Trans World Airlines appeals, arguing that claimant's injury was not from an accident "arising out of and in the course of" employment. This Court granted transfer. *Mo. Const. art. V, sec. 10.* Affirmed.

Drewes worked as a TWA reservation agent. Her workday included a regularly scheduled 30–minute unpaid lunch break.

The Commission determined that this was not enough time to leave the building for lunch because no food was available nearby, and moreover, the surrounding area was unsafe at the time of her lunch break (7:45 p.m.).

During that break on the day of the accident, Drewes purchased food from vending machines in the TWA-leased break room on the second floor. This break room is for the exclusive use of TWA employees. Due to a line at the microwaves there, Drewes went downstairs to use a break room on the first floor, intending to eat in the adjacent cafeteria, smoke a cigarette, and return to work on time. While she carried her lunch in the first-floor break room toward the cafeteria door, she fell and injured her ankle.

TWA leased space on the first and second floors of the building but did not lease the first-floor break room, which was open to all tenants of the building. TWA management permits employees to use the common first-floor break room, and TWA staff told Drewes that employees were free to use both break rooms, as they regularly did.

■ Workers' compensation covers injuries from accidents "arising out of and in the course of" employment. *Sec. 287.120.1 RSMo 1994.*[1]

### I.

■ To arise out of the employment, "the injury must be *incidental to* and not independent of the relation of employer and employee." *Sec. 287.020.3(1)* codifying *1993 Mo. Laws* 766 (emphasis added). Attending to one's personal comfort is "incidental to employment":

> The inevitable facts of human beings in ministering to their personal comfort while at work, such as seeking warmth and shelter, heeding a call of nature, satisfying thirst and hunger, washing, resting or

sleeping, and preparing to begin or quit work, are held to be incidental to the employment under the personal comfort doctrine.

*Bell v. Arthur's Fashions, Inc.,* 858 S.W.2d 760, 763–64 (Mo.App.1993); *Cox v. Tyson Foods, Inc.,* 920 S.W.2d 534, 537 (Mo. banc 1996).

■ Here, Drewes was tending to her personal comfort by carrying her lunch, when she fell. Her activity, eating lunch, was incidental to her employment.

■ The 1993 amendment also requires that Drewes' lunch activity (an incident of her work) be a "substantial" factor in causing the resulting medical condition or disability; and that Drewes' injury "not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life." *See Kasl v. Bristol Care, Inc.,* 984 S.W.2d 852, 855 (Mo. banc 1999) discussing *secs. 287.020.3(2)(a) and (d).*

First, Drewes' act of carrying her lunch to the table to eat her meal was a "substantial factor" in causing her injury. Second, the Commission found no evidence of an idiopathic condition "innate or peculiar" to Drewes. Nor was there any evidence that the injury came from a hazard or risk that was "unrelated to" Drewes eating lunch. Necessarily, Drewes was not "equally exposed" outside of her employment to the risk of falling during her lunch break.[2]

Therefore, Drewes' accident arose out of her employment.

### II.

■ Her accident must also have occurred "in the course of" her employment. Workers are not "in the course of" their employment "except while engaged in or about the prem-

---

1. All statutory citations are to RSMo 1994 unless otherwise indicated.

2. The dissent claims that this result is contrary to *Abel v. Mike Russell's Standard Service,* 924 S.W.2d 502 (Mo. banc 1996). In fact, the *Abel* opinion did not analyze or apply the 1993 amendment, because the accident there occurred in 1991. Moreover, section 287.020, as amended in 1993, uses the term "work" eight times, while never using the term "workplace." To the extent that the *Abel* opinion limits the term "work" to the concept "workplace," it should not be followed for claims governed by the 1993 amendment.

ises where their duties are being performed, or where their services require their presence as a part of such service." *Sec. 287.020.5.* The 1993 amendment reenacted this requirement, which has been unchanged since the original workers' compensation law. Compare *sec. 287.020.5* codifying *1993 Mo. Laws* 766, with *sec. 3305(c) RSMo 1929* codifying *1927 Mo. Laws* 496.

■ Injuries to a fixed-hour, fixed-place employee on an unpaid lunch break away from the premises are not compensable. *Daniels v. Krey Packing Company,* 346 S.W.2d 78, 83[7] (Mo.1961); *Lunn v. Columbian Steel Tank Company,* 364 Mo. 1241, 275 S.W.2d 298, 303[8] (Mo.1955); *Bell,* 858 S.W.2d at 763; *Moore v. St. Joe Lead Company,* 817 S.W.2d 542, 543[1] (Mo.App.1991); *Davison v. Florsheim Shoe Co.,* 750 S.W.2d 481, 484 (Mo.App.1988); *McClain v. Welsh Company,* 748 S.W.2d 720, 728–29 (Mo.App. 1988); *Jones v. Bendix Corp.,* 407 S.W.2d 650, 652 (Mo.App.1966); *Thompson v. Otis Elevator Company,* 324 S.W.2d 755, 757–58 (Mo.App.1959); *Heaton v. Ferrell,* 325 S.W.2d 800, 805[7] (Mo.App.1959). *See also* Arthur Larson, *Larson's Workers' Compensation Law,* sec. 15.51 (1998); B. Michael Korte, *29 Missouri Practice, Workers' Compensation Law and Practice,* sec. 2.12 at 95 (1999).

The "premises" is property "owned or controlled" by the employer. *Cox,* 920 S.W.2d at 535 (quoting *Kunce v. Junge Baking Co.,* 432 S.W.2d 602, 607 (Mo.App.1968)); *see also Hafner v. A.G. Edwards & Sons,* 903 S.W.2d 197, 200 (Mo.App.1995); *Davis v. McDonnell Douglas,* 868 S.W.2d 170, 172[5] (Mo.App. 1994); *Yaffe v. St. Louis Children's Hospital,* 648 S.W.2d 549, 551–52 (Mo.App.1982).

■ The statute covers accidents both "in" the premises and "about" the premises. *Sec. 287.020.5.* Accidents in or about the premises, during a scheduled unpaid lunch break, occur in the "course of employment." *Daniels,* 346 S.W.2d 78, 83 (Mo.1961); *Toole v. Bechtel Corp.,* 291 S.W.2d 874, 879 (Mo.1956).

### III.

■ Here, Drewes, a fixed-hour, fixed-place worker, was injured on an unpaid lunch break in a room that was not owned, rented or controlled by TWA. However, the first-floor break room 1) was common and open to all tenants of the building, and 2) adjoined TWA's premises on the first floor. The common break room was thus "in or about" TWA's premises. *Sec. 287.020.5.* Therefore, Drewes' accident occurred "in the course of" her employment.

The decision of the Labor and Industrial Relations Commission is affirmed.

PRICE, WHITE, HOLSTEIN and WOLFF, JJ., and SHRUM, Special Judge, concur.

COVINGTON, J., dissents in separate opinion filed.

LIMBAUGH, J., not participating.

ANN K. COVINGTON, Judge, dissents.

I respectfully dissent.

To obtain an award of compensation under Missouri's workers' compensation law, the claimant, Drewes, must show that her injury arose out of and in the course of employment. Sec. 287.120.1, RSMo 1994; *Duff v. St. Louis Mining & Milling Corp.,* 255 S.W.2d 792, 794[3] (Mo. banc 1953).

By amendment in 1993, the legislature more explicitly defined "injury" and more fully described when an injury should be deemed to "arise out of and in the course of employment":

3. (1) In this chapter the term "injury" is hereby defined to be an injury which has arisen out of and in the course of employment. The injury must be incidental to and not independent of the relation of employer and employee. Ordinary, gradual deterioration or progressive degeneration of the body caused by aging shall not be compensable, except where the deterioration or degeneration follows as an incident of employment.

(2) An injury shall be deemed to arise out of and in the course of employment only if:

(a) It is reasonably apparent, upon consideration of all the circumstances, that the employment is a substantial

factor in causing the injury; and (b) It can be seen to have followed as a natural incident of the work; and (c) It can be fairly traced to the employment as a proximate cause; and (d) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

Section 287.020.3, RSMo 1994. The legislature's use of the conjunction "and" reflects the legislative requirement that the claimant must meet all elements of section 287.020.3(2) to prove that an injury arose out of and in the course of employment.

Section 287.020.3(2)(d) is dispositive of Drewes' claim; her claim must fail because her injury resulted from a hazard or risk unrelated to her employment to which she would have been equally exposed outside of and unrelated to the employment in normal nonemployment life. Section 287.020.3(2)(d). There is no evidence that Drewes' fall in the first floor break room resulted from a hazard or risk to which Drewes would not have been equally exposed outside of her employment. *Id.* Drewes was not injured while performing her work duties. She fell as she was carrying her lunch during a lunch break. At the time of her fall, she was in the building's common break room, which is open to all of the inhabitants of the building. The risk to Drewes was no greater than the risk to any inhabitant of the building or any member of the general public who might have ventured into the break room.

Even assuming, arguendo, that the break room was part of the TWA premises, thus arguably related to Drewes' employment, there is no evidence that her fall was caused by any characteristic or condition of the break room. Drewes inexplicably fell. She was no more likely to fall in the break room during her lunch break than in her "normal nonemployment life." Section 287.020.3(2). Because Drewes' injury resulted from "a hazard or risk unrelated to the employment," it cannot be deemed to have arisen "out of and in the course of employment." The injury,

therefore, is not compensable under Missouri's workers' compensation law.

The majority departs from *Abel v. Mike Russell's Standard Service*, 924 S.W.2d 502 (Mo. banc 1996), which is not distinguishable. *See Kasl v. Bristol Care, Inc.*, 984 S.W.2d 852, 854 (Mo. banc 1999) (Limbaugh, J., dissenting). The claimant in *Abel* was a gas station attendant who fainted while checking credit card receipts at a gas pump. He sustained a head injury when he fell to the pavement. This Court affirmed the decision of the Labor and Industrial Relations Commission denying Abel compensation, explaining that there were no conditions of Abel's workplace that made his workplace "any different from or any more dangerous than those a member of the general public could expect to confront in a non-working setting." *Id.*

The connection between Drewes' injury and her employment in the present case is even more attenuated than the connection in *Abel.* Unlike Abel, who was injured while carrying out his work, Drewes was taking an unpaid lunch break in the common area of the building where her office was located. Just as in *Abel,* the claimant in this case, Drewes, has failed to show that any condition of the work caused her injury. She simply fell. In view of *Abel,* this majority's decision to affirm the award of compensation to Drewes is difficult to understand.

In sum, the majority concludes that Drewes' lunch was "incidental to employment" under the personal comfort doctrine, then replaces the terms "work" and "employment" with "lunch" in the requirements of subsection (2). I would not read the statute so broadly. I read both section 287.020 and *Abel* to require a holding that Drewes' injury cannot be deemed to have arisen out of and in the course of employment.

I would reverse the decision of the Labor and Industrial Relations Commission.