Sherry WILLEFORD, Claimant–Respondent,

v.

LESTER E. COX MEDICAL CENTER, Employer–Appellant.

No. 22903.

Missouri Court of Appeals, Southern District, Division One.

Sept. 29, 1999.

Motion for Rehearing and Transfer Denied Oct. 19, 1999.

Application for Transfer Denied Nov. 23, 1999.

David F. Sullivan, Springfield, for Appellant.

John C. Banning, Springfield, for Respondent.

KENNETH W. SHRUM, Judge.

This is a workers' compensation case in which the Labor and Industrial Relations Commission (Commission) affirmed an award by an Administrative Law Judge (ALJ) in favor of Sherry Willeford (Claimant). The self-insured employer appeals, claiming the Commission erroneously interpreted and applied the law in this case regarding the statutory phrases "arising out of" and "clearly work related." The employer argues that a proper application of § 287.020.2–.3 to the facts of this case demonstrates that the Commission erred when it concluded that Claimant sustained a compensable injury.[1] Specifically, the employer argues that the compensable injury finding is not supported by substantial and competent evidence and is against the overwhelming weight of the evidence. We affirm.

## FACTS

At the time the injury occurred, Lester E. Cox Medical Center (Employer) employed Claimant as a "nighttime checkout maid." On February 2, 1996, Claimant was scheduled to start work at 1:00.[2] Sometime between 12:40 and 12:45, Claim-

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. The Commission found that the accident occurred "the night of February 2, 1996," and that "[i]t was dark." Employer argues that there is "simply no evidence to support this" and points to records, including Claim-

ant's claim form, that suggest the accident occurred in the afternoon. Even so, Claimant testified, "I got out of my car, and another employee *at that time* had pulled in. *We worked together at night.*" We do not view the accident time as having any bearing on the issues presented for our review.

ant parked her car on one of Employer's parking lots in preparation for work. As Claimant walked from her car toward Employer's building, she slipped on "ice that looked like it had been melted and refroze," which caused her to fall, injuring her right shoulder.

The parking lot on which Claimant fell was owned and controlled by Employer and was designated for use by employees. During orientation, Employer informed Claimant she could use the lot when working. Moreover, Employer advised Claimant not to park on lots designated for use by visitors or guests.

The ALJ found that Claimant sustained a compensable injury and awarded benefits. Employer then asked the Commission to review the ALJ's award. On review, the Commission found the ALJ's award was supported by competent and substantial evidence and affirmed. This appeal followed.

## STANDARD OF REVIEW

In a workers' compensation case, we view the entire record, including reasonable inferences to be drawn therefrom, in the light most favorable to the award of the Commission. *Frye v. Viacom, Inc.*, 927 S.W.2d 545, 547[2] (Mo.App.1996). "This court may modify, reverse, remand for rehearing, or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law, in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence on the whole record." *Id.* at 547–548[3]. A Commission decision that is clearly an interpretation or application of law, as distinguished from a determination of fact, is not binding on this court and falls within our province of review and correction. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744[2] (Mo. banc 1991).

## RELEVANT STATUTORY PROVISIONS

As rewritten in 1993, § 287.020 focuses on whether an injury is compensable rather than whether an accident occurred. This is evident from the multiple, if not redundant, references to "injury" in subsections 2 and 3(1)-(3). *See McCutcheon v. Tri–County Group XV, Inc.*, 920 S.W.2d 627, 630 (Mo.App.1996). Here, Employer's complaints are limited to § 287.020.2 and .3(1)-(2).

Under § 287.020.2, "[a]n injury is compensable if it is clearly work related," and "[a]n injury is clearly work related if work was a substantial factor in the cause of the resulting medical condition or disability." For purposes of chapter 287, the term "injury" is defined as "an injury which has arisen out of and in the course of employment." § 287.020.3(1). Also, § 287.020.3(1) provides that "[t]he injury must be incidental to and not independent of the relation of employer and employee." Section 287.020.3 further declares:

"(2) An injury shall be deemed to arise out of and in the course of the employment only if:

"(a) It is reasonably apparent, upon consideration of all the circumstances, that the employment is a substantial factor in causing the injury; and

"(b) It can be seen to have followed as a natural incident of the work; and

"(c) It can be fairly traced to the employment as a proximate cause; and

"(d) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life[.]"

## DISCUSSION AND DECISION

*Point I: Misapplication of Case Law*

Employer's first point maintains that the Commission erred when it held that *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534 (Mo. banc 1996), mandated an award in favor of

Claimant. Employer argues that, unlike this case,

"[*Tyson*] involved a pre–1993 'extended premises' incident and therefore, is not controlling with respect to the application of the legislatively mandated requirements set forth in RSMo § 287.020.2 and .3, all of which must be satisfied before the Commission may conclude that an injury is deemed to arise out of and in the course of employment, or that the injury is clearly work related."

Employer insists that *Tyson* leaves unanswered the question presented here, i.e., how the 1993 amendments affected the analysis of pre-work and post-work injuries occurring on an employer's premises.

To aid in understanding this point, we reproduce part of the Commission's findings:

"Claimant's brief relies on *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534 (Mo. banc 1996) which decreed that under Premises Doctrine an injury in a parking lot arises out of and in the course of employment if land is owned by employer and used with employer's approval. Therefore, since *Cox v. Tyson Foods* is binding until changed by the Supreme Court, an award in favor of claimant is mandated.

"Claimant argues also that 1993 amendments would not change the *Cox v. Tyson* decision in that 287.020.3(1) requiring injury must be incidental to and not independent of employment relationship.

"I feel this is incidental to the employment relationship.

"The amendment [to] Section 287.020.3(2) adds four additional factors (a) to (d).

"I feel the claimant has met the four factors as Subsection (d) requires special risk or hazard that the worker would be exposed to which the general public was not subjected. Here there was ice on the parking lot which could be the special hazard."

■ When an employee is injured while passing with the express consent of the employer to or from work by a way over the employer's premises, the injury is considered incidental to employment. *Tyson*, 920 S.W.2d at 535–36; *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772–73 (Mo.App.1983). To the extent that the Commission relied on *Tyson* as authority for its finding that Claimant's injuries were "incidental to the employment relationship," it did not err. *See Drewes v. Trans World Airlines, Inc.*, 984 S.W.2d 512 (Mo.banc 1999) (holding that employee's injury, which she sustained while on an unpaid lunch break on or about her employer's premises, was incidental to her employment as contemplated by § 287.020.3(1) RSMo (1994)).

On the other hand, if the Commission intended to say that *Tyson* mandated an award for Claimant without any consideration of whether Claimant's injury was "clearly worked related" and without deciding whether her injury arose "out of and in the course of employment" within the meaning of § 287.020, then the Commission was wrong. *Drewes* teaches otherwise. 984 S.W.2d at 514–15.

We are not persuaded, however, that the Commission intended to say that *Tyson*, standing alone, mandated an award for Claimant. When read in context, the paragraph of the Commission's opinion that suggests *Tyson* mandates an award appears to be a recapitulation of Claimant's argument to the Commission, not a finding made by the Commission. We are confirmed in that view by the fact that after summarizing Claimant's arguments about *Tyson*, the Commission found that Claimant's injury was incidental to her employment—a finding that *is* mandated by *Tyson* as a matter of law under the facts of this case.

Appropriately, however, the Commission did not end its analysis with that finding. Instead, the Commission recognized that

§ 287.020.3(2) sets out certain "factors" that must be satisfied as a condition precedent to a finding that Claimant had sustained a compensable injury. Finally, the Commission found, as an ultimate fact, that Claimant had "met" the additional factors. Under the circumstances, we are not convinced the Commission made the error ascribed to it by Employer in its first point relied on. Point denied.

*Point II: Lack of Evidence to Prove "Course of Employment" Factors*

■ In its second point, Employer contends there was not sufficient competent and substantial evidence to support the Commission's finding that Claimant's injury arose out of and in the course of her employment. Alternatively, Employer argues that the Commission's finding on this issue was against the weight of the evidence. Employer maintains there was not sufficient evidence to support any of the § 287.020.3(2)(a)-(d) factors.

Employer argues, first, that there was insufficient evidence to support the finding required by § 287.020.3(2)(a) that Claimant's employment was a "substantial factor" in causing her injury. We disagree. Claimant did not "inexplicably" fall as happened in *Drewes*. Rather, the Commission found that Claimant fell on Employer's parking lot when she slipped on a patch of ice. The record contains uncontradicted evidence that supports that finding. Accordingly, Claimant's act of walking on Employer's parking lot was not only an incident of her employment, *Tyson*, 920 S.W.2d at 535–36, but also a "substantial factor" in causing her injury. This follows because the icy conditions increased the threat of slipping and falling. *See Drewes*, 984 S.W.2d at 514 (holding that the employee's act of carrying her lunch to the table to eat her meal was a "substantial factor" in causing her injury); *McCutcheon*, 920 S.W.2d at 632 (holding that faulty wiring in home where the employee worked increased the threat of being struck by lightning).

Second, Employer contends there is no evidence to support a finding that Claimant's injury "can be seen as a natural incident of work" as required by § 287.020.3(2)(b). Specifically, Employer argues:

"At first glance, one might assume that this factor [an injury incident to *work*] is consumed by RSMo § 287.020.3(1) which requires that the 'injury must be incidental to and not independent of the relation of employer and employee.' However, the legislature chose to use the term 'work' instead of 'employment' or 'employment relationship'. It would seem that given the plain meaning of the terms 'employment' and 'work', that the legislature intended this second factor to be more narrowly and constrictly construed so as to require determination as to whether the injury was a natural incident of the work activity, as opposed to a natural incident of the employment relationship. . . .

"Given the fact that this Employee's work involved cleaning patient rooms, it is difficult, if not impossible, to conclude that the mere act of walking from her car to the hospital was in any way incidental to her assigned job responsibilities. While walking to her place of work might be incidental to the employment or employment relationship, it is only incidental to her 'work' as is her physical presence."

We disagree. As we understand *Drewes*, 984 S.W.2d 512, our supreme court regards the terms "employment" and "work" in § 287.020 as having the same meaning. The claimant in *Drewes* was not performing the tasks, functions, or assignments delegated to her as a TWA agent at the time she fell. She was tending to her personal comfort by carrying her lunch. Even so, the Court found her accident arose out of and in the course of her employment. *Id.* at 514–15. To reach that conclusion, the *Drewes* court necessarily and implicitly treated the words "employment" in § 287.020.3(1) and

"work" in § 287.020.3(2)(b) as functional equivalents.

Further, in *Kasl v. Bristol Care, Inc.*, 984 S.W.2d 852 (Mo.banc 1999), which was handed down on the same day as *Drewes*, our supreme court shed additional light on this issue. *Kasl* holds that § 287.020.3(2)(a) "repeats the 'substantial factor' requirement of section 287.020.2." 948 S.W.2d at 854. We interpret this holding to mean that our supreme court regards these two provisions of § 287.020 as having the same meaning even though § 287.020.3(2)(a) requires a finding that *"employment* is a substantial factor" while § 287.020.2 requires a finding that *"work* [is] a substantial factor." (Emphasis added.) Thus, *Kasl* fortifies our view that the Missouri Supreme Court ascribes the same meaning to the words "work" and "employment" in § 287.020. We reject Employer's argument to the contrary. We find, as a matter of law, that Claimant's injury, sustained while crossing Employer's parking lot on her way to work, "followed as a natural incident of [her] work." § 287.020.3(2)(b); *Drewes*, 984 S.W.2d 512; *Tyson*, 920 S.W.2d 534.

■ Third, Employer asserts there is insufficient evidence to support a finding that Claimant's injury was "fairly traced to the employment as a proximate cause" as required by § 287.020.3(2)(c). Again, we disagree. " 'Proximate cause is such cause as operates to produce a particular consequence without the intervention of an independent or superseding cause.' " *McCutcheon*, 920 S.W.2d at 632 (quoting *Dale v. Edmonds*, 819 S.W.2d 388, 390 (Mo.App. 1991)). In workers' compensation cases, " 'a cause is proximate if it is a substantial factor in bringing about the result.' " *McCutcheon*, 920 S.W.2d at 632 (quoting *Armstrong Tire & Rubber Co. v. Kubli*, 312 N.W.2d 60, 64 (Iowa App.1981)). Earlier, we concluded as a matter of law that Claimant's employment was "a substantial factor in causing [her] injury." Relying on that finding and applying the *McCutcheon* definition of "proximate case," we find as a

matter of law that Claimant's employment was a proximate cause of her alleged injury. *See Cook v. St. Mary's Hospital*, 939 S.W.2d 934, 939 (Mo.App.1997).

Fourth, Employer complains that there is insufficient evidence to support the requisite § 287.020.3(2)(d) finding that Claimant's injury did "not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life." Once more, we disagree. Here, as in *Drewes*, there is no evidence of an idiopathic condition "innate or peculiar" to Claimant. Nor is there any evidence that Claimant's injury was independent of her employment relationship with Employer. "Necessarily, [Claimant] was not 'equally exposed' outside of her employment to the risk of falling" since she fell during an activity that was incidental to her employment. *Drewes*, 984 S.W.2d at 514.

Further, Claimant's injury was not caused by a risk to which she was equally exposed in normal nonemployment life. Icy conditions on Employer's parking lot placed Claimant at a greater risk of falling. There is ample evidence to support a finding that the condition that caused Claimant's fall was not one to which workers are equally exposed in normal nonemployment life.

Employer points out the Commission had before it evidence of widespread snow and ice in Springfield, Missouri, at the time Claimant fell, as well as evidence that the general public occasionally used the employee parking lot. Employer insists that such evidence compels a finding that Claimant was equally exposed to this particular hazard outside of and unrelated to her employment. Employer's assertion is incorrect in several respects. First, Employer's argument runs counter to the teachings of *Drewes*. There, the employee was injured while on a lunch break in an area "common and open to all tenants of the building." Nevertheless, our supreme court found that the employee's injury

arose out of her employment. Second, because Claimant was an on-premises employee, she was more frequently exposed to this hazard than was the general public. Consequently, the defect was not one to which Claimant was equally exposed in normal nonemployment life. *See Cook*, 939 S.W.2d at 939. We reject Employer's arguments to the contrary.

In summary, this record contains sufficient competent evidence to support the Commission's finding that Claimant's injury arose out of and in the course of her employment within the meaning of § 287.020.3(2)(a)-(d). Employer's second point is denied.

*Point III: Findings and Evidence of Work Related Nature of Injury*

■ Employer's third and final point complains that the Commission erred in holding that Claimant had sustained a compensable injury because the Commission failed to find that the injury was clearly work related as required by § 287.020.2. However, under § 287.020.2, "work related" means only that "work was a substantial factor in the cause of the resulting medical condition or disability." As *Kasl* explains, the "substantial factor" requirement of § 287.020.2 is repeated in § 287.020.3(2)(a). *Kasl*, 984 S.W.2d at 854. Consequently, when the Commission found that Claimant had "met" or proven the factors under § 287.020.3, it implicitly found the injury was "work related" under § 287.020.2. Therefore, the Commission did not commit reversible error when it failed to repeat the "substantial factor" finding under § 287.020.2.

Employer argues, nonetheless, that a finding that Claimant's injury was "work related" under § 287.020.2 is not supported by substantial and competent evidence and is against the overwhelming weight of the evidence. This contention simply reprises Employer's Point II argument, in which it asserted that Claimant's work was not a substantial factor in causing her injury. For the reasons explained in our analysis of Point II, above, we reject this argument. We need not repeat that discussion. Point denied.

The Commission's award is affirmed.

PARRISH, J., CONCURS.

MONTGOMERY, J., CONCURS.

CROW, P.J., RECUSED.